UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Norva X.,                                     No. 0:19-cv-01081-KMM

       Plaintiff,

v.                                                 **ORDER**

Andrew Saul, *Commissioner of Social Security*,

       Defendant.

---

On March 24, 2020, the Court ordered the parties to file letters indicating their respective positions on the propriety of staying this case pending the resolution of consolidated appeals before the Eighth Circuit Court of Appeals in *Davis v. Comm'r of Soc. Sec.*, 18-3422 (8th Cir. Nov. 14, 2018); *Thurman v. Comm'r Soc. Sec.*, 18-3451 (8th Cir. Nov. 19, 2018); *Iwan v. Comm'r of Soc. Sec.*, 18-3452 (8th Cir. Nov. 19, 2018); and *Hilliard v. Comm'r of Soc. Sec.*, 19-1169 (8th Cir. Jan. 24, 2019). The parties responded, and neither side objected to a stay. [ECF Nos. 20–21.] The plaintiff, Norva X., suggested that once the Eighth Circuit cases were resolved, the Court should permit limited supplemental briefing.

The Eighth Circuit has also consolidated a second set of cases raising Appointments Clause issues that are in a slightly different posture than this case or the previously consolidated appeals. *Smith v. Saul*, 19-2731 (8th Cir. Aug. 14, 2019); *Millard v. Saul*, 19-2766 (8th Cir. Aug. 19, 2019); and *Taylor v. Saul*, 19-3155 (8th Cir. Oct. 4, 2019). This second set of cases arose after the Commissioner issued an Emergency Message (effective Jan. 30, 2018) and a Revised Emergency Message (effective June 25, 2018), both instructing ALJ's to acknowledge, but not rule upon any Appointments Clause arguments raised during administrative proceedings. The ALJ in this case denied Mr. X's application for benefits on August 8, 2018.

In response to the parties' letters and considering the appeal in the *Smith*/*Millard*/*Taylor* trio of cases, the Court intended to issue an Order staying this case pending the resolution of the consolidated appeals in *Davis* in early April. However, the Court inadvertently failed to docket the stay order in this case. The Court has reviewed the matter anew and determines that although the Eighth Circuit recently resolved the Appointments Clause challenges in *Davis* and *Hilliard*,[1] this matter should be stayed pending the outcome of the consolidated appeals in *Smith*, *Millard*, and *Taylor*.

Waiting to address the summary-judgment motions until after the decision in the second round of consolidated appeals will simplify the issues in this case, conserve judicial resources, and will not severely prejudice the plaintiff. *Wilson v. Corning, Inc.*, No. CV 13-210 (DWF/TNL), 2018 WL 4635672, at *1 (D. Minn. Sept. 27, 2018) ("In considering whether to stay proceedings, the Court considers whether a stay will (1) unduly prejudice or tactically disadvantage the non-moving party; (2) simplify the issues in the infringement litigation and streamline the trial; and (3) reduce the burden of litigation on the parties and the Court.").

**IT IS HEREBY ORDERED THAT** this matter is **STAYED** pending the outcome of the consolidated appeals in *Smith v. Saul*, 19-2731 (8th Cir. Aug. 14, 2019); *Millard v. Saul*, 19-2766 (8th Cir. Aug. 19, 2019); and *Taylor v. Saul*, 19-3155 (8th Cir. Oct. 4, 2019). The parties shall contact the Court within 14 days of the date of the Eighth Circuit's decision in these consolidated appeals to request lifting the stay or any other relief they believe is appropriate. The Court will determine whether to request supplemental briefing on the Appointments Clause issue raised in this case upon submission of the parties' status updates required by this Order.

---

[1] *Davis v. Saul*, __ F.3d __, 2020 WL 3479626 (8th Cir. June 26, 2020) (affirming the district court's ruling in *Davis*, *Thurman*, and *Iwan* that the claimant in each case waived an argument that the ALJ was not properly appointed in accordance with the Appointments Clause of the Constitution); *Hilliard v. Saul*, __ F.3d __, 2020 WL 3864288 (8th Cir. July 9, 2020) (citing *Davis* and concluding that because "Hilliard did not raise to the ALJ an Appointments Clause challenge, … this court need not consider it").

Date: July 13, 2020

                                           *s/Katherine Menendez*
                                           Katherine Menendez
                                           United States Magistrate Judge